UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIDIA SANCHEZ-OROZCO,

    Plaintiff,

v.

THE LIVONIA POLICE DEPARTMENT,
et al.,

    Defendants.

_____/

Case No. 2:08-cv-14297
consolidated with
Case No. 2:08-cv-14299

HONORABLE STEPHEN J. MURPHY, III

LUCIANA HERRERA,

    Plaintiff,

v.

THE LIVONIA POLICE DEPARTMENT,
et al.,

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS IN CASE NO.
2:08-cv-14297 (docket no. 6); GRANTING MOTION TO DISMISS
IN CASE NO. 2:08-cv-14299 (docket no. 6);  GRANTING MOTION TO AMEND
THE COMPLAINT IN CASE NO. 2:08-cv-14297 (docket no. 11) AND GRANTING
MOTION TO AMEND THE COMPLAINT IN CASE NO. 2:08-cv-14299 (docket no. 10)**

Several motions on two consolidated cases are before the Court.  The cases involve claims against the same municipal defendants, the City of Livonia and the Livonia Police Department, the cases involve similar facts, and the defendants have filed nearly identical motions to dismiss.  The *Herrera* case was originally before Judge Julian A. Cook, Jr., and was transferred to the undersigned as a companion case under Local Rule 83.11.

Thereafter the Court granted the defendants' motion to consolidate the cases under Fed. R. Civ. P. 42 on the grounds that the cases involve common issues of law and fact.

The defendants have filed motions to dismiss in each action. The plaintiffs' attorney has opposed the motions to dismiss and filed nearly identical motions to amend the complaints in each actions. The motions were heard together on May 14, 2009. For the reasons stated below, the Court will grant the motion to dismiss and will grant the plaintiffs leave to amend their complaints.

## FACTS

1.  *Lidia Sanchez-Orozco v. The Livonia Police Department, the City of Livonia, the Chief of Police-The Livonia Police Department, in their official capacities and individually, and Officers of the Livonia Police Department and others of the Joint Task Force as John Does 1-12 in their official capacities and individually, Case No. 08-14297*

According to the defendants, this case arises from a search and seizure conducted by the Drug Enforcement Administration in conjunction with the Livonia Police Department in Detroit, Michigan. Lidia Sanchez-Orozco alleges that on March 31, 2008, certain unidentified police officers conducted a search at 4643 Livernois in Detroit, Michigan, pursuant to a search warrant. The warrant identified certain objects to be seized and tabulated, but did not refer to Sanchez-Orozco. Although she was not named in the search warrant and that the police found none of the items detailed in the search warrant on her person, the defendants detained and arrested Sanchez-Orozco. The plaintiff claims she was arrested, interrogated, detained more than 24 hours without probable cause and without being advised of her *Miranda* rights, and eventually released without being charged. As a result, plaintiff indicates she suffered loss of liberty, fear, anxiety, humiliation, shame, and emotional distress. Ms. Sanchez-Orozco also alleges she was several months pregnant when the incident occurred.

> 2. *Luciana Herrera v. The Livonia Police Department, the City of Livonia, the Chief of Police-the Livonia Police Department, in their official capacities and individually, and Officers of the Livonia Police Department and other of the Joint Task Force as John Does 1-12 in their official capacities and individually, Case No. 08-14299.*

The *Herrera* case is nearly identical to the *Sanchez-Orozco* case; the search in *Herrera* took place four days before the search in *Sanchez-Orozco*. On March 26, 2008, the plaintiff, Luciana Herrera, was in the vicinity of 7912 Trotter Park, Ypsilanti, when the defendants executed a search warrant at that location. The warrant specified the items to be seized and tabulated, but did not refer to Herrera. Although the search of the premises did not produce any of the items identified, the defendants seized items that were not identified in the warrant. Despite their failure to find any items in the warrant or anything that would give rise to probable cause to arrest the plaintiff, the officers present arrested Herrera, took her to the Livonia Police Department, booked her, subjected her to lewd comments, detained her for more than 24 hours and eventually released her without charging her. Herrera's complaint asserts the same claims as Sanchez-Orozco's complaint against the same defendants.

On October 9, 2008, each plaintiff separately filed complaints against the City of Livonia, the Livonia Police Department, the Livonia Chief of Police, and several unnamed officers, alleging claims of (1) 42 U.S.C. § 1983 for violation of her Fourth, Fifth, Sixth and Fourteenth Amendment rights; (2) false arrest and imprisonment; (3) "liability under state law as to Defendants"; and (4) Intentional Infliction of Emotional Distress.

## MOTIONS TO DISMISS

The defendants have filed identical motions to dismiss both actions. The motions to dismiss argue (1) the Livonia Police Department is not a proper party and should therefore be dismissed; (2) the complaints fail to state a claim against the City of Livonia, and therefore the claims should be dismissed against the City as well; (3) the complaints were

not properly served upon the Chief of Police of the City of Livonia and they fail to state a claim against the Chief of Police in his personal or official capacity, and therefore the claims against the Chief of Police should also be dismissed; and (4) the plaintiffs' state law claims against the City of Livonia and the Chief of Police should be dismissed because defendants are entitled to governmental immunity.  The plaintiffs concede that the Livonia Police Department is not an entity that is subject to suit and they also concede that the City of Livonia and the Chief of Police are immune from suit on the plaintiffs' state law claims.  The plaintiffs argue, however, that the complaints are sufficient to state claims against the City of Livonia and the Chief of Police and they argue that service was appropriate on the Chief of Police.  The Court will therefore address these remaining arguments in greater detail.

I.  <u>Do the complaints state valid claims against the City of Livonia?</u>

Defendants City of Livonia, the Chief of Police of the City of Livonia and the Livonia Police Department have moved to dismiss the complaints in each action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When considering a motion to dismiss under Rule 12(b)(6), a court must determine if the complaint states a claim to relief.  The complaint need not contain detailed factual allegations, but "'labels and conclusions" or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 555).

Defendants argue that Sanchez-Orozco's and Herrera's complaints against the City of Livonia should be dismissed because the complaints fail to allege facts showing that a particular policy or custom of the city caused the alleged constitutional deprivations. It is

4

axiomatic that there is no vicarious liability under 42 U.S.C. § 1983.  The Supreme Court has held that liability can only be imposed on a municipality if the plaintiff's injuries are inflicted due to the municipality's policy or custom.  *Monell v. New York City Dept. of Social Services*, 436 US 658, 690 (1978).  To plead a Section 1983 action against a municipality, a plaintiff must identify a municipal policy or custom, connect that policy or custom to the municipality, and show that execution of that policy or custom caused the particular injury.  *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004); *Gardner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993).  "There must be 'a direct causal link' between the policy and the alleged constitutional violation such that the [City's] deliberate conduct can be deemed the 'moving force' behind the violation." *Graham*, 358 F.3d at 383 (quoting *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)(other citations omitted)).

The defendants argue that plaintiffs' complaints fail to adequately plead a custom or policy by the municipality and therefore should be dismissed.  The plaintiffs in both actions allege simply that the actions of the defendants that violated the individual plaintiffs' rights were taken "pursuant to customs, policies and practices of Defendants' city and/or they were ratified, condoned, permitted or acquiesced in by those who make policy and are responsible for supervision in the Police Department," *Sanchez-Orozco* Complaint ¶ 32; *Herrera* Complaint ¶ 32, and "the acts of the defendants "were the result of a policy and practice of conduct institutionalized and enforced per said policies."  *Sanchez-Orozco* Complaint ¶ 7;  *Herrera* Complaint ¶ 7.

The plaintiffs argue that they are not required to name a specific policy at this early juncture, and argue that it is sufficient if they allege that the defendants' conduct is due to a custom or policy.  The plaintiffs cite no authority for this proposition and the Court is aware of none. *Gardner v. Memphis Police Dept.* requires the plaintiffs to identify a specific

5

policy. In *Gardner*, the plaintiffs successfully sued the City of Memphis for a claim of unlawful force where an officer of the police department used deadly force against a fleeing, unarmed teenager pursuant to a specific written policy authorizing the use of deadly force in just such a circumstance. *See, e.g., Gardner*, 8 F.3d 358, 364 (pointing to Memphis Police Department written order specifically authorizing use of deadly force to apprehend fleeing burglary suspect).

Here, on the other hand, the plaintiffs allege nothing more than conclusory allegations that the individual officers were acting pursuant to a custom or policy of the municipal defendant. The plaintiffs have failed to identify a specific custom or policy that caused the claimed constitutional violations and therefore they have failed to state a claim for municipal liability under *Gardner*. Conclusory allegations of municipal involvement are insufficient to state a claim for relief under Section 1983. *Anthony v. Roberson*, 26 Fed. Appx. 419, 422 (6th Cir. 2001) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Such allegations amount to no more than legal conclusions, which are not entitled to a presumption of truth by the Court in considering a motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-1950 (2009). The plaintiffs have failed to set forth facts showing their entitlement to relief against the City and dismissal is therefore appropriate under Rule 12(b)(6).

II.     <u>Should the plaintiffs' claims against the Livonia Chief of Police be dismissed?</u>

The defendants argue that the plaintiffs' claims against the Livonia Chief of Police should be dismissed for three reasons. First, the defendants assert that the Chief of Police was never properly served and the Court therefore lacks personal jurisdiction over him. Second, the defendants argue that the claims against the Chief of Police in his personal capacity fail because the complaints do not allege facts showing that the Chief of Police

was responsible for the alleged constitutional violations. Third, the defendants argue that a claim against the Chief of Police in his official capacity is the same as a case against the municipality and it is redundant to name the Chief of Police in his official capacity.

A.  Service of Process

The plaintiffs attempted to serve the complaints on the Chief of Police by leaving a copy of the summons and complaint with the City of Livonia Clerk. The plaintiffs did not serve the Chief of Police personally, did not leave a copy of the summons at his home or with a registered agent and did not send a copy by certified mail; therefore, the defendants argue, the Chief of Police was never properly served. The plaintiffs argue in response that service was proper because, they assert, plaintiffs' counsel spoke to an individual at the City Clerk's office who instructed counsel that the City Clerk was authorized to receive service of process on behalf of the Chief of Police.

Rule 4 of the Federal Rules of Civil Procedure provides that service upon an individual may be made by (1) following state law, (2) delivering a copy of the summons and complaint to the individual personally, (3) leaving a copy of each at the persons' dwelling with a person of suitable age and discretion who resides there or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). The relevant state law, Michigan Court Rule 2.105(A) provides that service may be made either by personal service or sending a summons and copy of the complaint to the defendant by registered or certified mail, return receipt requested, delivery restricted to the addressee. MCR. 2.105(A). There are no facts in the record showing that the City Clerk is the legal agent of the Chief of Police, nor are there facts showing that the Chief of Police authorized the City Clerk to accept service on his behalf. The plaintiffs did not comply with

any of these service methods and therefore service was not properly effected on the Chief of Police in either action and dismissal is appropriate under Rule 12(b)(5).

    B.  <u>Failure to State a Claim</u>

The defendants also argue that the complaints should be dismissed as to the Chief of Police because there are no facts in the complaint connecting the Chief with the alleged constitutional deprivations. As noted, Section 1983 does not provide for respondeat superior liability. *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 692 (1978); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). To establish a section 1983 claim against a supervisor, a plaintiff must show that the individual defendant was personally responsible for the deprivation of a constitutional right. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Liability must be based upon more than the mere right to control employees. *McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006). The plaintiff must show that a supervisor implicitly authorized, approved or knowingly acquiesced in the conduct of his officers. *Id.* The plaintiff must show that the supervisor either participated in the constitutional violations or encouraged it in some way. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here, the plaintiffs complaints do not allege any involvement by the Chief of Police in the alleged constitutional violations, and therefore dismissal of the claims against the Chief is appropriate under Rule 12(b)(6).

    C. <u>Appropriateness of Official Capacity Suit against the Chief of Police</u>

The defendants have also moved to dismiss the official capacity suits against the Livonia Chief of Police, arguing that the claims are redundant in light of the suits against the City of Livonia. The Supreme Court has held that official-capacity suits are only another way of pleading an action against the entity the official represents, and therefore suits against

state officials in their official capacity are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (*citing Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

The defendants appear to be correct that the official capacity suit against the Chief of Police is redundant in light of the suit against the City. The Court does not need to address the issue, however, because the Chief of Police has never been properly served in the case and the complaint against him will be dismissed on that ground.

## MOTION TO AMEND

The plaintiffs have moved to amend the pleadings in both actions. They have not, however, complied with Local Rule 15.1 which requires that any party seeking to amend a pleading must attach the proposed pleading to the motion. It is therefore impossible for the Court to evaluate whether amending the pleading would be futile. Rule 15.1 also provides, however, that failure to comply with the Rule is not grounds for denial of the motion to amend. The federal rules provide that leave to amend shall be freely given when justice requires. Fed. R. Civ. P. 15. Since it is early in the proceedings, and leave to amend is to be freely given, the Court will dismiss the plaintiffs' claims in both actions but grant leave to file an amended pleading within 20 days of the date of the order. The parties have also entered into stipulated orders in each case under which the defendants have agreed to produce the names of the police officers that arrested and interrogated the plaintiffs so that the plaintiffs can provide actual names rather than John Does in their amended complaints.[1]

---

[1] The court requested the plaintiffs file a proposed amended complaint at the May 14, 2009 hearing on these motions, but the plaintiffs have failed to do so. The Court grants the plaintiffs one last chance to submit amended complaints pursuant to the timetable set out in this order, and strongly cautions no extensions whatever will be entertained.

**ORDER**

For the reasons stated above, it is hereby **ORDERED** that Defendants' Motion to Dismiss in Case No. 2:08-cv-14297 (docket no. 6) is **GRANTED** and plaintiff Lidia Sanchez-Orozco's claims are dismissed as to defendants City of Livonia, Livonia Police Department and the Chief of Police of the City of Livonia; Defendants' Motion to Dismiss in Case No. 2:08-cv-14299 (docket no. 6) is **GRANTED**, and plaintiff Luciana Herrera's claims are dismissed as to defendants City of Livonia, Livonia Police Department and the Chief of Police of the City of Livonia; Plaintiff Lidia Sanchez-Orozco's Motion For Leave to Amend the Complaint in Case No. 2:08-cv-14297 (docket no. 11) is **GRANTED**; and Plaintiff Luciana Herrera's Motion For Leave to Amend the Complaint in Case No. 2:08-cv-14299 (docket no. 11) is **GRANTED**.  Plaintiffs in each action have 20 days from the date of this Order to file their amended complaints.  Defendants have 14 days from the service of the amended complaints to file their amended answers.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager