UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIDIA SANCHEZ-OROZCO,

    Plaintiff,

v.

THE LIVONIA POLICE DEPARTMENT,
et al.,

    Defendants.
_____/

Case No. 2:08-cv-14297
consolidated with
Case No. 2:08-cv-14299

HONORABLE STEPHEN J. MURPHY, III

LUCIANA HERRERA,

    Plaintiff,

v.

THE LIVONIA POLICE DEPARTMENT,
et al.,

    Defendants.
_____/

**ORDER GRANTING MOTIONS TO STRIKE (docket nos. 28 in 08-14299 and 29 in 08-14297) AND DENYING MOTIONS TO EXTEND TIME TO FILE AMENDED COMPLAINTS (docket nos. 33 and 35 in 08-14299 and nos. 34 and 36 in 08-14297)**

This matter comes before the Court on defendants' motion to strike the amended complaints filed in the above-referenced consolidated actions, and plaintiffs' motions to extend the time for filing amended complaints. The Court previously granted motions by the defendants to dismiss all claims in each action on the grounds that the complaints failed to state a claim upon which relief may be granted, and granted the plaintiffs' cross-motions to amend the complaint, giving the plaintiffs twenty days from the date of the order in which to file amended complaints. The plaintiffs filed amended complaints one and two days,

respectively, after the date set forth in the Court's order. The defendants have now moved to strike the untimely amended complaints, and the plaintiffs have cross-moved for an extension of time in which to file the complaints. The Court finds that an oral hearing is unnecessary to the determination of the issues presented and orders the submission and determination of the motions without oral hearing on the briefs pursuant to Local Rule 7.1(e)(2). For the reasons stated below, the Court will deny the plaintiffs' motions to extend the time to file the amended complaints, will grant the defendants' motion to strike the amended complaints, and will order the plaintiffs to show cause why the cases should not be dismissed as to remaining John Doe defendants for failure to serve them within the period set forth by Fed. R. Civ. P. 4(m).

## PROCEDURAL HISTORY

These consolidated cases arise from search and seizures conducted by the Drug Enforcement Administration in conjunction with the Livonia Police Department. Lidia Sanchez-Orozco's claims arise from a search and seizure conduced in Detroit, Michigan on March 31, 2008, and Luciana Herrara's claims arise from a search and seizure conducted in Ypsilanti, Michigan, on March 26, 2008. On October 9, 2008, each plaintiff separately filed complaints against the City of Livonia, the Livonia Police Department, the Livonia Chief of Police, and several unnamed officers, alleging claims of (1) 42 U.S.C. § 1983 for violations of their Fourth, Fifth, Sixth and Fourteenth Amendment rights; (2) false arrest and imprisonment; (3) "liability under state law as to Defendants"; and (4) intentional infliction of emotional distress.

The defendants filed identical motions to dismiss both actions. The motions to dismiss argued that the Livonia Police Department was not a proper party and should therefore be dismissed; the complaints failed to state a claim against the City of Livonia,

and therefore the claims should be dismissed against the City as well; the complaints were not properly served upon the Chief of Police of the City of Livonia and they failed to state a claim against the Chief of Police in his personal or official capacity, and therefore the claims against the Chief of Police should also be dismissed; and the plaintiffs' state law claims against the City of Livonia and the Chief of Police should be dismissed because defendants are entitled to governmental immunity.

The plaintiffs conceded that the Livonia Police Department is not an entity that is subject to suit and they also concede that the City of Livonia and the Chief of Police are immune from suit on the plaintiffs' state law claims. On all other grounds, the plaintiffs opposed defendants' motion to dismiss, and also filed in response motions to amend the pleadings in both actions. Plaintiffs' motions to amend failed to comply with Local Rule 15.1, which requires that any party seeking to amend a pleading must attach the proposed pleading to the motion. *See* E.D. Mich. L.R. 15.1.

On May 14, 2009 the Court held a hearing on the motions to dismiss and the motions to amend. At the hearing, the Court noted plaintiffs' failure to comply with Local Rule 15.1 and told the plaintiffs to file with their proposed amended complaints within twenty days. *See* docket no. 33, p. 4. Plaintiffs did not file their proposed amended complaints in compliance with the Court's direction within the twenty days as directed by the Court, and over three months passed following the hearing without filing the proposed amended complaints.

The Court then issued an order on September 8, 2009, granting both defendants' motions to dismiss and plaintiffs' motions to amend the complaint. The Court granted plaintiffs' motion despite the plaintiffs' failure to submit a proposed amended complaint as required by Rule 15.1 and as directed by the Court in the May 14, 2009 hearing. The order

3

granting the motions to amend ordered that any amended complaints be filed within twenty days of the date of that order. *See* September 8 Order, docket no. 25. The Court noted in its order that it would grant plaintiffs "one last chance to submit amended complaints pursuant to the timetable set out in this order, and strongly cautions no extensions whatever will be entertained." *Id.* at 9, n.1. The order thus set a deadline of September 28, 2009 for filing amended complaints.

The plaintiffs filed their amended complaints on September 29 and 30, 2009. *See* docket nos. 26 and 27. A review of the amended complaints reveals that they are almost identical to the initial complaints except for a change in the caption that deletes the police departments, the cities and the chief of police and adds several individual defendants. The amended complaints do not add any substantive allegations regarding the defendants added to the captions

Defendants have moved to strike the amended complaints. They rely on Rule 6(b) of the Federal Rules of Civil Procedure, which provide that the Court may extend the time for an act made after the time for moving has expired on motion only if the party has failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

In response, plaintiffs have filed untimely motions for extensions of time to amend the complaints. Plaintiffs argue that their counsel is a solo practitioner with at least five active cases in the Eastern District of Michigan, numerous other cases in state and federal court, and is in the process of finalizing three additional federal complaints. Plaintiffs acknowledge that they did not file timely motions for an extension of time and never sought concurrence "due to a busy schedule," but argues that the delay was short and the defendants have not demonstrated prejudice. Defendants have not filed responses to plaintiffs' motions for extension of time to amend the complaints.

4

**ANALYSIS**

Requests for extension of time are governed by Rule 6 of the Federal Rules of Civil Procedure. When such a request is made after the time for acting has expired, the request must be made by a motion and upon a showing of good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1).

The question of whether a party failed to act upon excusable neglect requires the Court to balance the following five factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the moving party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. Ptsp. (In re Pioneer Serv., Inc.)*, 507 U.S. 380, 395 (1993)). The Court should not consider the question of neglect in isolation, "but by 'taking account of all relevant circumstances surrounding the party's omission,'" including previous dilatory conduct. *Id.* at 523 (quoting *Pioneer*, 507 U.S. at 395).

The first and second factors in the balancing test favor the plaintiffs here. The delay in filing the amended complaint was short, only a day or two, and the defendants have not asserted prejudice as a result of the delay. As to the third factor, the sole reason asserted by plaintiffs in support of their failure to timely file amended complaints was the busy schedule of their attorney. Courts have generally found this to be insufficient to establish excusable neglect. *See, e.g., Graham v. Pennsylvania R.R.*, 342 F.2d 914, 915 (D.C. Cir. 1964); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387-88 (11th Cir. 1981); *Robinson v. Wright*, 460 F. Supp. 2d 178, 181 (D. Me. 2006). The fourth and fifth factors, whether the delay was within the control of the moving party and whether that party acted in good

faith, also weigh in favor of denying the extensions. The order requiring plaintiffs to file amended complaints by the date set was unambiguous, the plaintiffs had failed previously to adhere to both the rules of court and the Court's direction that they supply a proposed amended complaint prior to the Court's ruling on their motion to amend and defendants' motion for summary judgment, and plaintiffs' failure to meet the deadline was entirely within their control. All these facts suggest that it was the plaintiffs' own actions that caused the delay, and they were not acting in good faith in attempting to comply with the Court's rules and orders. The order granting the motion to amend also admonished the plaintiffs to file their proposed amended complaint in a timely manner, and that no further extensions would be considered. To permit the plaintiffs to file their amended complaints now would merely endorse their failure to comply with the rules, directions and orders of this Court. *Cf. Nafziger*, 467 F.3d at 523 ("[t]o accept the plaintiffs' argument would deprive the term "deadline" of much of its meaning.")

Additionally, a review of the proposed amended complaints shows that the changes to the complaints appears to be limited to changing the captions of the complaints to include different individual defendants, without any corresponding change to the body of the complaints. The fact that the amendments to the complaints were minor undercuts plaintiffs' claim that their failure to file the amendments within the time set by the Court was excusable. The amended complaints do not appear on their face to be sufficient to state a claim against any new individual defendants because they do not allege the identity of any individual defendant in the body of the complaint, nor do they make any allegations against any identified defendant.

Balancing the relevant factors, the Court finds that the plaintiffs have failed to establish good cause for their failure to file their amended complaints within the period of

time set by the order. The Court will therefore grant defendants' motion to strike and will deny the plaintiffs' motion for an extension of time.

This raises the question of what is to be done with the remains of these cases. The plaintiffs contend that the actions are not subject to dismissal as a whole because the plaintiffs' have alleged valid claims against "John Doe" defendants. The Court notes, however, that the complaints have been pending for more than 120 days but the docket does not show that service has been effected upon any named defendant aside from those supervisory and municipal defendants that have already been dismissed pursuant to the Court's September 8, 2009 order granting defendants' motion to dismiss. Rule 4(m) of the Federal Rules of Civil Procedure requires the Court, on notice to the plaintiff, to dismiss a complaint as to any defendant who has not been served within 120 days of the filing of the complaint. The Court will therefore order the plaintiffs to show cause why the claims against these defendants should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

The Court notes in closing that if these actions are dismissed without prejudice against the individual officers, based upon plaintiffs' failure to show timely service of process, there would appear to be no reason that the plaintiffs cannot pay new filing fees and bring new actions against individual defendants that are not yet parties for the events that are alleged in the current complaints, should the facts support such claims. The Court sees no reason that such claims would be barred by either court rule or the doctrine of claim preclusion. The Court will not, however, permit the plaintiffs to amend their complaints in the present actions, because to do so would reward their repeated disregard of the Court's orders, instructions, and rules of procedure.

## ORDER

For the reasons stated above, it is hereby **ORDERED** that Defendants' Motions to Strike (docket nos. 28 in 08-14299 and 29 in 08-14297) are **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' motions to extend time for filing amended complaints (docket nos. 33 and 35 in 08-14299 and nos. 34 and 36 in 08-14297) are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs must **SHOW CAUSE** within **TWENTY ONE (21) DAYS OF THE DATE OF THIS ORDER** why the actions should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to effect service on the remaining defendants within the time period provided.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 4, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager