UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIDIA SANCHEZ-OROZCO,

    Plaintiff,

v.

THE LIVONIA POLICE DEPARTMENT,
et al.,

    Defendants.
_____/

LUCIANA HERRERA,

    Plaintiff,

v.

THE LIVONIA POLICE DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 08-cv-14297,
consolidated with
Case No. 08-cv-14299

HONORABLE STEPHEN J. MURPHY, III

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On June 4, 2010, the Court issued an order in these consolidated cases granting the defendants' motions to strike untimely filed amended complaints, and denying the plaintiffs' motions to extend time to file those complaints. Order of June 4, 2010, Docket No. 38. The Court also ordered the plaintiffs to show cause why this case should not be dismissed for failure to serve the "John Doe 1–12" defendants within 120 days of the summons being issued, as provided by Fed. R. Civ. P. 4(m). Plaintiffs timely filed a response to that order on June 25, 2010. The Court "must extend the time for service for an appropriate period" if the plaintiff can show "good cause for the failure." Fed. R. Civ. P. 4(m). Whether or not good cause exists is a determination left to "the sound discretion of the district court," and

can only be reversed if that discretion is abused. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

The plaintiffs responded to the Court's order by claiming that summons for four individuals previously classified as "John Doe" defendants were issued by the Court on September 30, 2009, and that those persons were "served"[1] through defendants' counsel on December 22, 2009. That response does not address the Court's concerns because the Court has already struck the plaintiffs' attempt to amend their complaints to include these four individuals. The plaintiffs acquired these names through a stipulation by the parties to disclose the names of the officers involved in the arrest and detention of the plaintiffs, with the intent of identifying the "John Does" named in the complaint. *See* Stipulation and Order of April 2, 2009, Docket No. 21, No. 08-14297; Stipulation and Order of April 2, 2009, Docket No. 22, No. 08-14299.

But the Court denied the plaintiffs' attempt to add these parties through an amended complaint in its June 4 Order because of their failure to timely file amended complaints. The plaintiffs' "service" of these defendants is therefore irrelevant to the question of whether the remaining "John Doe" defendants (of which there may be as many as eight) have been served in a timely manner.

The Court does not believe that there are any remaining "John Doe" defendants left in the case, as the stipulated discovery was to have provided the identities of all those

---

[1] The Court guardedly uses the term "served" because service here was likely improper. Attorneys are not generally considered to be agents of their clients for service-of-process purposes, unless their clients have explicitly conferred this authority upon them. *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990); *Ransom v. Brennan*, 437 F.2d 513, 518–19 (5th Cir. 1971); *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955). The rule holds true even if attorneys represent they will receive service on behalf of their client.

involved in the plaintiffs' arrests. But even assuming this was not the case, no good cause exists to continue waiting for the plaintiffs to serve new defendants. Plaintiffs have had nearly two years to uncover the identity and serve the "John Doe" defendants, including an opportunity to engage in discovery. The Sixth Circuit provides that when "John Doe" defendants remain unserved for 120 days after the plaintiffs have been given "ample time to figure out" their identities and a chance to perform discovery, dismissal without prejudice is appropriate. *See Petty v. County of Franklin*, 478 F.3d 341, 345–46. Dismissal is the correct resolution of this case as well. Because dismissal of "John Doe 1–12" eliminates all defendants from the case, the Court will enter an order dismissing these consolidated actions without prejudice.[2]

**WHEREFORE**, it is hereby **ORDERED** that the "John Doe 1–12" defendants in both of the complaints in this consolidated matter are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that these consolidated cases are hereby **DISMISSED**.

**SO ORDERED**.

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: December 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2010, by electronic and/or ordinary mail.

                                            Alissa Greer
                                            Case Manager

---

[2] The Court reiterates its stance in the June 4 Order that nothing bars the plaintiffs from paying new filing fees and bringing a new action against parties who could not be added due to breaches of the Court's orders.